UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FIDEL MUNOZ,  :
:
    Petitioner  :
: NO. 3:CR-97-107
-vs-  :
: (Judge Kosik)
:
UNITED STATES OF AMERICA,  :
:
    Respondent  :

# **MEMORANDUM AND ORDER**

Petitioner, Fidel Munoz, has filed a motion for modification of sentence pursuant to 18 U.S.C. §3582(c), "Based on Supreme Court Decision in *United States v. Booker*[1], Which Amended the United States Sentencing Guidelines through a Broad-Based Clarifying Application."[2]

### Background

Petitioner was indicted on a federal drug offense in 1997. After a jury trial, he was found guilty. After a severe sentence was imposed under the Sentencing Guidelines, he appealed the conviction which was affirmed and, ultimately, the United States Supreme Court denied certiorari.

Petitioner next sought to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. This motion was denied. An appeal was denied on June 12, 2003. A rehearing was also denied. The United States Supreme Court denied certiorari on April 26, 2004. A reconsideration was denied on June 14, 2004.

---

[1]     125 S.Ct. 736 (2005).

[2]     The body of the motion clarifies the motion by stating that *Booker* "effectively amended the Sentencing Guidelines."

Discussion and Conclusion

Section 3582(c), on which petitioner relies, states that a "court may not modify a term of imprisonment once it has been imposed except . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o) . . .". Once this occurs, the court has jurisdiction to act on the motion of the defendant or others named to reduce the term of imprisonment after considering the factors set forth in Section 3553(a) to the extent they are applicable.

While *Booker* had a substantial impact on the United States Sentencing Guidelines, it was in the context of severing and excising Section 3553(b)(1) which made the Guidelines mandatory. It transformed the Guidelines from mandatory to advisory for the information and use of the district courts in whom discretion has now been reinstated. Contrary to petitioner's urging, the *Booker* case did not effectively amend the Guidelines to lower the sentencing range applicable to petitioner. It is for this reason we will deny petitioner's motion to modify his sentence.

SO ORDERED.

                                                      s/Edwin M. Kosik
                                                     United States District Judge

Dated: November 29, 2005