UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FIDEL MUNOZ, :
:
      Petitioner :
: NO. 3:CR-97-107
   -vs- :
: (Judge Kosik)
:
UNITED STATES OF AMERICA, :
:
      Respondent :

## **MEMORANDUM AND ORDER**

Petitioner, Fidel Munoz, has filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2), based on the United States Sentencing Guidelines (U.S.S.G.) Amendment 709, Supplement to Appendix C, effective November 1, 2007, which petitioner claims clarifies the Guidelines Manual in effect at the time of his sentencing on July 9, 1998.[1]

### Background

Since we write for the parties, we shall limit ourselves to facts and events essential to our consideration.

After a jury trial on federal drug charges, Munoz was found guilty on November 14, 1997. On July 9, 1998, he was sentenced to 235 months with a base offense level of 37 and placed in a criminal history II category due to two prior misdemeanor convictions. The

---

[1] The motion is authorized pursuant to U.S.S.G. §1B1.10(a) allowing consideration of subsequent Guideline Amendments which are clarifying rather than substantive changes.

conviction was appealed and affirmed and, ultimately, the United States Supreme Court denied certiorari.

Petitioner next sought to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. The motion was denied. An appeal, as well as a rehearing, was denied. Again, certiorari was denied by the Supreme Court. A reconsideration was also denied. This was later followed by a motion for modification pursuant to 18 U.S.C. §3582(c). It was denied based on a Supreme Court decision; the latter motion and denial are unrelated to the present motion.

## Discussion

There appears to be no dispute with the base level calculations at the time of sentencing. Petitioner's thrust is at the criminal history calculation of Category II based on two misdemeanor offenses. In this case, there were two separate state convictions for harassment -- strike, shove, kick, etc. -- on October 31, 1995 for which Munoz was sentenced to pay restitution, a fine and costs, and the other state conviction on February 8, 1996 was for an identical offense for which he was sentenced to pay a fine and costs.

The criminal history was determined by adding one point for each conviction pursuant to U.S.S.G. §4A1.1(c), which determined whether convictions are to be counted or excluded in the criminal history determination under Section 4A1.2(c)(1). Under this section, a misdemeanor is to be counted unless excluded or is "similar" to any offense on the list of excluded offenses. At the time of sentencing Munoz, as well as now, harassment itself is not

on the excluded list. The question which needed an answer at the time was whether harassment was to be counted or excluded because it was "similar to an offense" on the excluded list. The question was answered in *United States v. Elmore*, 108 F.3d 23 (3d Cir. 1997), which held that harassment was not excluded as being similar to disorderly conduct which is listed as an excepted offense. In their analysis, the court distinguished the offenses and concluded that "Pennsylvania's definition of harassment does not proscribe activity considered to be mere 'disorderly conduct' as that term is defined as a matter of federal law." The appellate court recognized that its approach followed that in other circuits, but that it also conflicted with the approach of some circuits which require a broader and more liberal assessment in determining similarity. As an example of the latter, the court cited *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991). Our circuit declined to engage in such an inquiry, and was focusing "only on the elements of the offense as statutorily defined," as opposed to looking "to the defendant's actual conduct to determine whether it constituted an excluded offense." *Elmore*, 108 F.3d at 26.

On November 1, 2007, the United States Sentencing Commission amended the guidelines by Amendment 709, Supplement to Appendix C for 2007. The amendment provides that "[t]he Commentary to Section 4A1.2 captioned 'Application Notes' is amended in Note 12 by striking 'local ordinance violations' and inserting . . ." a new standard. It essentially adopts the approach of the circuit courts following *Hardeman* with the intent of resolving the conflict in the

circuits.[2] Munoz, seriously and in earnest, claims that Amendment 709, while it resolves a circuit conflict, also clarifies Section 4A1.2(c)(1) in the manner the courts should determine whether a non-listed offense is "similar" to the offense excluded under §4A1.2(c)(1). Of course, if Amendment 709, despite its substantive nature, was intended to be retroactive, it would clearly support Munoz. If the Sentencing Commission intended Amendment 709 to be retroactive in reducing a term of imprisonment it would have so stated in Section 1B1.10(c) which lists the covered amendments, but does not include Amendment 709. "Yet, the law is clear that 'courts can give retroactive effect to a clarifying (as opposed to substantive) amendment regardless of whether it is to be listed in U.S.S.G. Section 1B1.10." <u>United States v. Marmolejos</u>, 140 F.3d 488, 491 (3d Cir. 1998).

The sole question before us is whether Amendment 709 has "clarified" the then existing commentary in the Guidelines or "substantively" changed its meaning. The cases concede that there is no bright-line test as to whether an amendment clarifies existing law. In <u>United States v. Crudup</u>, 375 F.3d 5, 7-10 (1st Cir. 2004), the court discussed factors rendering guideline amendments either substantive or clarifying. First, the Commission having chosen not to include Amendment 709 in Section 1B1.10(c) constitutes some evidence that it did not envision the amendment as a clarification. Second, in expressing its reasons for Amendment

---

[2] The new standard includes the "element of the offense" as one of the relevant factors.

709, the Commission states that it resolves a "circuit conflict" over the manner in which a court should determine whether a non-listed offense is "similar" to an excluded offense. The "Reasons for Amendment" allude to the conflicting approaches in the circuits. There is no mention of clarification. Third, the court considered whether the amendment was consistent with our circuit precedent, and finally, whether the amendment addresses an issue upon which the courts of appeal have already staked out opposing positions. In accord with this reasoning, we have *United States v. Huff,* 370 F.3d 454, 466-467 (5th Cir. 2004) and *United States v. Davidson*, 283 F.3d 681, 684 (5th Cir. 2002). In accord, *see* United States v. Diaz, 245 F.3d 294, 303 (3d Cir. 2001) which holds that "[g]enerally, if the amended guideline and commentary overrules a prior judicial construction of the guidelines, it is substantive; if it confirms our prior reading of the guidelines and does not disturb prior precedent, it is clarifying."

In spite of the well briefed and persuasive argument of Munoz, we considered the above factors and have concluded that Amendment 709 is substantive alone and, therefore, not retroactive. The motion is DENIED.

SO ORDERED.

*s/Edwin M. Kosik*
United States District Judge

Date: May 2, 2008